# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SEAN MATTHEW FINNEGAN,

    *Plaintiff*,

v.

SOJOURN, LLC *et al.*,

    *Defendants*.

Civil Action No. 21-1878 (TJK)

## ORDER

Before the Court is Defendants' Motion to Dismiss and for a Pre-Filing Injunction Against Plaintiff, ECF No. 14. Defendants move this Court to (1) dismiss with prejudice Plaintiff's Complaint, *see* ECF No. 2, Ex. A; (2) enjoin Plaintiff from filing any additional lawsuits against Defendants, their agents, or their counsel in any federal court or the Superior Court of the District of Columbia without first obtaining leave of this Court; and (3) order Plaintiff to dismiss actions he has brought against Defendants' counsel that are currently pending in the Superior Court of the District of Columbia. *See* ECF No. 14 at 1, 8. As explained below, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**.

First, the motion is **GRANTED IN PART** insofar as Plaintiff's Complaint in this action, *see* ECF No. 2, Ex. A, is **DISMISSED WITHOUT PREJUDICE**. As Plaintiff has conceded by failing to respond to the motion, *see* Local Civil Rule 7(b), he has failed to state a claim upon which relief can be granted, *see* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). Plaintiff also has failed to prosecute this action by failing to respond to the motion, the Court's order advising him to respond, ECF No. 15, and the Court's order to show cause why the case should not be dismissed for failure to prosecute, Minute Order of September 20, 2021, even

after all that provided him—without him having asked for it—nearly two months' additional time to respond to the motion. *See* Local Civil Rule 83.23; *Jenkins v. Nat'l R.R. Corp.*, No. 19-cv-2414 (RDM), 2020 WL 3971938, at *3 n.1 (D.D.C. July 14, 2020); *Bishop v. Gen. Servs. Admin.*, No. 19-cv-1396 (CKK), 2020 WL 977973, at *3 (D.D.C. Feb. 28, 2020). The Court notes that the docket reflects that both orders were successfully mailed to Plaintiff's address of record, so Plaintiff had notice of the consequences of his failure to respond. *Cf. Bishop*, 2020 WL 977973, at *3.

Second, the motion is **GRANTED IN PART** insofar as Plaintiff is **ENJOINED** from filing any further actions against Defendants, their agents, or their counsel in any federal court or the Superior Court of the District of Columbia without first obtaining leave of this Court. In applying the relevant "guidelines," *see In re Powell*, 851 F.2d 427, 430-31 (D.C. Cir. 1988) (per curiam), the Court finds that: (a) for reasons mentioned above, Plaintiff has received sufficient notice and an opportunity to oppose the entry of a pre-filing injunction, *see In re Powell*, 851 F.2d at 431; *Gharb v. Mitsubishi Elec. Corp.*, 148 F. Supp. 3d 44, 56 (D.D.C. 2015); (b) Plaintiff previously filed three complaints in other courts duplicative of the Complaint in this action, *see* ECF No. 2, Exs. A-D, two of which were summarily dismissed, *see* ECF No. 3, *Finnegan v. Sojourn LLC*, No. 21-cv-00609-DMS-WVG (S.D. Cal. Apr. 28, 2021); ECF No. 7, *Finnegan v. Sojourn LLC*, No. 21-cv-02686-SVW-PD (C.D. Cal. Mar. 30, 2021); *Gharb*, 148 F. Supp. 3d at 56; *Caldwell v. Obama*, 6 F. Supp. 3d 31, 50 (D.D.C. 2013); and (c) Plaintiff's purpose to harass Defendants through these lawsuits is shown by the duplicative nature of the conclusory complaints and by Plaintiff's recent suits filed against Defendants' counsel, *see* ECF No. 14-1, Exs. B & G;

ECF No. 16, Exs. A-B; *Gharb*, 148 F. Supp. 3d at 56.[1]  Accordingly, Plaintiff is **ENJOINED** from filing any further actions against Defendants, their agents, or their counsel in any federal court or the Superior Court of the District of Columbia without first obtaining leave of this Court.  If Plaintiff moves for such leave from this Court, he is **ORDERED** to include in such motion a copy of this order, a copy of the proposed filing, an explanation for why leave should be granted, and a certification under penalty of perjury that his proposed filing is neither frivolous nor submitted in bad faith.  *See, e.g., Caldwell*, 6 F. Supp. 3d at 52; *U.S. Bank Nat'l Ass'n v. Poblete*, No. 15-cv-312 (BAH), 2017 WL 598471, at *9 (D.D.C. Feb. 14, 2017).

      Third, the motion is **DENIED IN PART** insofar as the Court will not order Plaintiff to dismiss any suit he has already filed against Defendants' counsel that is currently pending in the Superior Court of the District of Columbia.  Defendants have the burden to show vexatious-litigant injunctive relief is warranted.  *See Duru v. Mitchell*, 289 F. Supp. 3d 112, 117 (D.D.C. 2018).  Even presuming this Court has the inherent authority to grant this particular type of relief (though Defendants cite no authority for this point), the Court is unpersuaded that it should grant this relief pursuant to such inherent authority.  *Cf. In re Powell*, 851 F.2d at 431.

      This is a final appealable Order. The Clerk of the Court is directed to close the case.

      **SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: October 20, 2021

---

[1] The Court also **GRANTS** Defendants' Request for Judicial Notice, ECF No. 16, of the complaint and docket in *Finnegan v. Quam-Wickham*, No. 2021 CA 3202 B (D.C. Super. Ct.).  *See* Fed. R. Evid. 201(b)-(c); *J.B. v. Woodard*, 997 F.3d 714, 717 (7th Cir. 2021); *Terry v. Dewine*, 75 F. Supp. 3d 512, 525 (D.D.C. 2014).